UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID Y. FRANCO ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:05-0247 |
| ] | Campbell/Brown |
| BIND TECH, INC. ] | |
| Defendant. ] | |

To: Honorable Todd Campbell, United States District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 2) entered March 30, 2005, the Court referred this action to the Magistrate Judge for entry of a scheduling order, decision on all pretrial, non-dispositive motions and report and recommendation on all dispositive motions.

Presently pending before the Court is the defendant's Motion for Summary Judgment (Docket Entry No. 30), to which the plaintiff has neglected to file a response. The Magistrate Judge has conducted a review of defendant's Motion and the record in this case and respectfully recommends, for the reasons stated below, that defendant's Motion for Summary Judgment should be granted and that this action be dismissed.

### I. Plaintiff's Failure to Respond to the Motion for Summary Judgment

On February 27, 2006, the defendant filed its Motion for Summary Judgment. As of this date, the plaintiff has neglected to file a response to that motion. When a non-moving party does not respond to a motion for summary judgment, summary judgment, if appropriate, shall be

1

entered against the non-moving party. Rule 56(e), Fed. R. Civ. P.; *see also* Bennett v. Dr. Pepper/Seven-Up, Inc., 295 F.3d 805 (8th Cir. 2002)(dismissal of a *pro se* complaint was affirmed after the plaintiff failed to respond to defendants' motion for summary judgment). By failing to respond to the defendant's motion, the plaintiff concedes that the facts asserted by the defendant are not in dispute. Rule 8(b)(7)(g), Local Rules of Court.

## II. Background

The plaintiff, proceeding *pro se*, is a Caucasian male. He brings this action against his former employer, Bind Tech, Inc., alleging reverse racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., retaliation and constructive discharge.

The defendant operates a deluxe book bindery in Nashville. From February, 2001, to May 25, 2004, the plaintiff was employed at the book bindery as a porter.[1] Throughout the period of his employment, the plaintiff fell under the direct supervision of the Plant Manager, Roger Brown, who is African American. According to the complaint (Docket Entry No. 1), Brown asked the plaintiff "to do more than any one person could possibly do and then he retaliated against me after I reported him to the Dept. of Human Resources". It is further alleged that Brown would allow plaintiff's co-workers, both black and white, to "yell and cuss" at him. This created a hostile work environment and upset the plaintiff so much that he was forced to quit his job. Finally, the plaintiff contends that he was discriminated against because of his age when, once he had submitted his two week notice, the Plant Manager replaced him with a porter half

---

[1] A porter is responsible for delivering books and other materials to various departments throughout the manufacturing facility. Docket Entry No. 25 at pgs. 17-19.

2

plaintiff's age.

### III. Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative

3

evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

### IV. Racial Discrimination

The crux of the plaintiff's racial discrimination claim is that his African American supervisor did little or nothing to curtail fellow workers from "yelling and cussing" at him, thus creating a hostile work environment.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., provides in pertinent part that :

> It shall be an unlawful employment practice for
> an employer -
> (1) to fail or refuse to hire or to discharge
> any individual, or otherwise to discriminate
> against any individual with respect to his compensation,
> terms, conditions, or privileges of employment, because
> of such individual's race, color, religion, sex or national
> origin;

42 U.S.C. § 2000e-2(a).

The plaintiff bears the burden of making a prima facie showing of discrimination. McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972). Mere personal belief, conjecture and speculation, however, are insufficient to support an inference of discrimination. Woythal v. Tex-Tenn Corp., 112 F.3d 243, 247 (6th Cir. 1997). Title VII prohibits an employer from maintaining a hostile work environment due to racial, sexual or religious harassment. Hafford v. Seidner, 183 F.3d 506, 512 (6th Cir. 1999). Where the plaintiff's claim is premised upon the existence of a hostile work environment, he must "show ....... that the alleged conduct constituted an unreasonably abusive or offensive work-related environment or

4

adversely affected the reasonable employee's ability to do his job." Allen v. Michigan Dept. of Corrections, 165 F.3d 405, 410 (6th Cir. 1999).

The plaintiff supports his claim of racial discrimination by describing four separate incidents during which he had a verbal disagreement with a co-worker.[2] In each instance, the plaintiff admits that his co-workers were of varying racial backgrounds, that the verbal disagreements were in no way prompted by racial or age-related concerns, that Brown counseled the plaintiff and each of the offending co-workers on their conduct during working hours, that Brown placed notations in the personnel files of two of the co-workers noting that they had been warned to stop confronting the plaintiff, and that at no time had Brown himself made any disparaging remarks to the plaintiff about his race or age.

A plaintiff may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination. DiCarlo v. Potter, 358 F.3d 408, 414 (6th Cir. 2004). Despite the fact that the plaintiff is Caucasian and his supervisor is African American, there is absolutely no proof in the record to suggest, either directly or by inference, that the plaintiff was harassed because of his race. To the contrary, plaintiff's deposition (Docket Entry Nos. 25 and 26) makes it abundantly clear that race played no part whatsoever in the problems that the plaintiff was having with his co-workers and supervisor. Therefore, the plaintiff has failed to state a claim of racial discrimination.

---

[2] The co-workers were identified by the plaintiff as Kassie, Casey, Juanita Rucker and Michael Rucker (no relation). Each incident is more fully described by the plaintiff in his deposition. (Kassie at Docket Entry No. 25, pgs. 48-53; Casey at Docket Entry No. 25, pgs. 59-65; Juanita Rucker at Docket Entry No. 25, pgs. 84-94; and Michael Rucker at Docket Entry No. 25, pgs. 94-102).

5

## V. Age Discrimination

To establish a claim under the ADEA, the plaintiff must show (1) that he was at least forty (40) years of age at the time of the offending conduct; (2) that he was qualified for the particular work assignment; (3) that he was subjected to an adverse employment action; and (4) that he was replaced by a younger individual. Rowan v. Lockheed Martin Energy Systems, Inc., 360 F.3d 544, 547 (6th Cir. 2004).

The plaintiff can show that he was at least forty years old at the time he worked for the defendant,[3] that he was qualified for his position as a porter, and that a younger man replaced him after he left the company. The plaintiff has failed to demonstrate, however, that he was subjected to an adverse employment action. The plaintiff was not reprimanded, demoted, transferred or in any way punished by the defendant because of his age. The verbal altercations he had with fellow employees were not age related. The decision to quit was made by the plaintiff without any encouragement from the defendant or its agents.[4] Thus, the plaintiff has failed to make a prima facie showing of age discrimination.

## VI. Retaliation

The plaintiff claims that Brown retaliated against him after he reported Brown to the defendant's Human Resources Manager (Tommy Yokley). But to sustain a claim of retaliation, the plaintiff must plead and prove that (1) he was engaged in activity protected by federal statute; (2) the activity was known to the defendant; (3) he was subjected to an adverse employment

---

[3] According to his Charge Letter (attached as an Exhibit to Docket Entry No. 1), the plaintiff was born on May 28, 1943.

[4] In his two week notice to the defendant, the plaintiff stated simply "P.S. I am tired of being yelled at and cussed at." Docket Entry No. 29; Exhibit No. 7.

6

action; and (4) the adverse action occurred because of the protected activity. Singfield v. Akron Metropolitan Housing Authority, 389 F.3d 555, 563 (6th Cir. 2004).

As noted above, the record shows that the plaintiff was not subjected to an adverse employment action. In the absence of this type of action on the part of the defendant, the plaintiff is unable to sustain a claim of retaliation.

## VII. Constructive Discharge

The plaintiff contends that, because of race and age discrimination, he was forced to quit his job.[5] However, the record suggests nothing more than the fact that the plaintiff found the requirements of his job to be, at times, simply too stressful and demanding. There is evidence to show that the plaintiff had trouble prioritizing his duties, which created friction between himself and his co-workers. There is further evidence that workers were sometimes pulled off the production line to assist the plaintiff and that he had threatened to quit several times before, citing the stressful demands of the job. Finally, the plaintiff never complained to the defendant or its agents about being harassed because of his race or age prior to leaving his job. Docket Entry No. 31. Thus, there is no evidence in the record that the defendant constructively discharged the plaintiff from his job.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, it appears that the

---

[5] With respect to the issues of race and age, the defendant has offered proof showing that, at the time the plaintiff chose to leave his job, the plaintiff's department consisted of fifty six (56) full-time employees, forty four (44) of which were Caucasian and sixty eight percent (68%) of whom were at least forty years of age. See Docket Entry No. 31.

7

defendant's Motion for Summary Judgment has merit. Accordingly, the undersigned respectfully RECOMMENDS that defendant's motion should be granted and that this action be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
Joe B. Brown
United States Magistrate Judge